UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHNNIE MAE WEARY,**

      **Plaintiff,**

v.                                                        **Case No:   6:14-cv-1742-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Johnnie Mae Weary (the "Claimant") appeals to the District Court from a final partially favorable decision of the Commissioner of Social Security (the "Commissioner"), which denied her application for disability insurance benefits and Supplemental Security Income ("SSI") from November 9, 2007 to February 13, 2012, and granted Claimant's application for SSI from February 13, 2012 to the present.  Doc. No. 1; R. 614-642.  Claimant appeals the Commissioner's final decision denying her applications for benefits prior to February 13, 2012. Doc. No. 16 at 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to apply the correct legal standards and making a credibility determination unsupported by substantial evidence, as well as failing to comply with the remand orders of this Court and the Appeals Council.  Doc. No. 16 at 17-22.

Claimant alleges an onset of disability date as of November 9, 2007, primarily due to high blood pressure, diabetes, neck and back pain, knee pain, left hip pain, and depression.  R. 55-56, 62, 66, 148-71.  On May 26, 2011, Administrative Law Judge John Marshall Meisburg, Jr. (the "ALJ") issued a decision finding Claimant not disabled.  R. 13-28.  In *Weary v. Comm'r of Soc.*

*Sec.*, No. 6:11-cv-1599-Orl-31DAB, Doc. No. 1 (M.D. Fla. Sept. 30, 2011), Claimant appealed the Commissioner's final decision. *Id*. On June 11, 2012, based upon the Commissioner's unopposed motion, that case was remanded to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Nos. 22-24 (11-cv-1599); R. 734-38. The case was remanded to the Commissioner, in part, for the ALJ to "give further consideration of the credibility of [Claimant's] subjective complaints, including consideration of whether her periodic noncompliance with her prescribed medication regimen was based on financial difficulties." Doc. No. 22 at 1 (11-cv-1599); R. 734.

On August 2, 2012, the Appeals Council remanded the matter back to the ALJ, in part, for the following reason:

> The [ALJ] found that the claimant's subjective complaints were not fully credible. In so finding, the [ALJ] stated that the claimant had repeatedly been medically noncompliant in her weight loss as she has been advised by her physicians to lose weight. <u>The [ALJ] noted the claimant's testimony that she had been advised to lose weight, but did not identify any confirming medical reports regarding such a prescribed regimen</u>.
>
> The [ALJ] also stated that the claimant had been noncompliant with medication usage regarding hypertensive and diabetic medications. <u>Information in the record indicates that the claimant on occasion reported an inability to afford to purchase her medications</u> (Exhibit 2F, page 49, and Exhibit 12F, page 23), <u>but the claimant's assertions in that regard were not addressed</u>.
>
> \* \* \* \*
>
> Upon remand the [ALJ] will . . . [f]urther evaluate the claimant's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms. . . .

R. 741-42 (emphasis added). Thus, the case was remanded to the ALJ, in part, for the ALJ to further evaluate Claimant's credibility with respect to noncompliance with a prescribed weight

loss regimen and with medications for high blood pressure and diabetes, including consideration of Claimant's allegations that she was unable to afford her medications.  R. 741-42.

On July 31, 2013 and March 13, 2014, the ALJ held hearings, where the Claimant and others provided testimony.  R. 652-76 (March 13, 2014 hearing); 677-713 (July 31, 2013 hearing).  At both hearings, Claimant testified that she had been noncompliant with medications because, having no income, she was unable to afford her medications.  R. 656-57, 695, 707.  At the March 13, 2014 hearing, Claimant testified that she is now able to afford her medications as long as she is on patient assistance or if her children purchase her medications.  R. 657.  At the July 31, 2013 hearing, Dr. Alfred Jonas, a psychiatrist, was asked by the ALJ whether the record revealed any noncompliance with medical treatment.  R. 685.  Dr. Jonas responded that the medical record "from 2012 talks about noncompliance but it's only because of finances.  It's because the claimant could not afford the medication."  R. 686.  At the March 13, 2014 hearing, Claimant testified that she has an exercise plan and that her doctors advised that if she lost weight her diabetes might improve.  R. 659.  Claimant testified that she has lost weight and then gained it back.  R. 659.[1]

On August 21, 2014, the ALJ issued the partially favorable decision, finding Claimant disabled from February 13, 2012, but not prior to that date.  R. 618-42.  At the outset of the decision, the ALJ notes: "Pursuant to the District Court remand order, the Appeals Council has directed the [ALJ] to . . . further evaluat[e] the claimant's subjective complaints and provide rationale, specifically with regard to her testimony regarding weight loss and medication usage. . . ."  R. 618.  In this appeal, as set forth above, Claimant argues that the ALJ erred by failing to follow the Appeals Council's remand order because the ALJ's credibility determination, with respect to Claimant's compliance issues, fails to apply the correct legal standard and is not

---

[1] A non-examining internist, Dr. Murray Gilman, testified that if Claimant lost weight, she would require less insulin, but Claimant's diabetic neuropathy may not improve even with weight loss.  R. 660.

supported by substantial evidence. Doc. No. 16 at 17-22. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

I. **STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II. **ANALYSIS.**

The Appeals Council remand order required a re-examination of two (2) issues. R. 741-42. First, the Appeals Council found that remand was required because the ALJ failed to identity any medical reports supporting the ALJ's determination that the Claimant had repeatedly been noncompliant with her weight loss. R. 741. Second, remand was required because the ALJ found that Claimant had been noncompliant with her medications, but failed to address Claimant's

repeated assertions of an inability to afford prescribed medications. R. 741. The Appeals Council's order is soundly supported by the law.

Non-compliance with prescribed treatment regimens, such as medications, without good cause will result in the denial of disability benefits applications. *See* 20 C.F.R. § 416.930. Social Security Ruling 96-7p provides:

> [T]he individual's statements may be less credible if . . . the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, <u>the [ALJ] must not draw any inference about an individual's symptoms and their functional effect from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain [the individual's noncompliance]</u>.

SSR 96-7p, 1996 WL 374186, at * 7 (1996) (emphasis added). SSR 96-7p further provides that an individual's inability to afford medical treatment or to gain access to medical services are good reasons for not complying with prescribed medical treatment. *Id*. at *8; *see also Vargas v. Comm'r of Soc. Sec*., No. 6:13-cv-1683-Orl-41TBS, 2015 WL 328110, at *11 (M.D. Fla. Jan. 26, 2015) (same).

In the Eleventh Circuit, poverty or the inability to afford prescribed medications excuses a claimant's noncompliance. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) ("We agree with every other circuit that has considered the issue that poverty excuses noncompliance."). "Thus while a remediable or controllable medical condition is generally not disabling, when a 'claimant cannot afford the prescribed treatment and can find no way to obtain it, the condition that is disabling in fact continues to be disabling in law.'" *Id*. (citing *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). In *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003), the Eleventh Circuit reiterated that where an ALJ's determination that the claimant is not disabled is based primarily on or inextricably tied to a finding of non-compliance, the ALJ must consider the

claimant's ability to afford prescribed medical treatment. *Id*. Courts within this district have routinely remanded cases where an ALJ finds the claimant's subjective statements not credible and denies the disability application based on the claimant's noncompliance, but the ALJ fails to properly consider whether the claimant's assertions of an inability to afford prescribed medical treatment is a good excuse for the noncompliance. *See Vargas*, No. 6:13-cv-1683-Orl-41TBS, 2015 WL 328110, at *11-12 (M.D. Fla. Jan. 26, 2015); *Smith v. Comm'r of Soc. Sec.*, No. 6:13-cv-52-Orl-18DAB, 2014 WL 842574, at *8 (M.D. Fla. Mar. 4, 2014) (remanding, in part, because ALJ failed to address claimant's allegations of poverty as reason for noncompliance with diabetes medication regimen); *Johnson v. Comm'r of Soc. Sec.*, No. 6:11-cv-1729-Orl-31TBS, 2013 WL 423973, at *9 (M.D. Fla. Jan. 18, 2013) (same); *Whalen v. Comm'r of Soc. Sec.*, No. 6:10-cv-865-Orl-22DAB, 2011 WL 3168626, at *6 (M.D. Fla. July 27, 2011) (same); *Neal v. Comm'r of Soc. Sec.*, No. 8:10-cv-1810-T-33MAP, 2011 WL 4356205, at *2-3 (M.D. Fla. Aug. 22, 2011) (same).

With respect to obesity and a claimant's failure to follow recommendations to lose weight, the Eleventh Circuit has held:

> <u>A physician's recommendation to lose weight does not necessarily constitute a prescribed course of treatment, nor does a claimant's failure to accomplish the recommended change constitute a refusal to undertake such treatment.</u> *Johnson v. Secretary of Health and Human Services,* 794 F.2d 1106, 1113 (6th Cir. 1986). <u>McCall's obesity, of itself, does not justify the conclusion that she has refused treatment nor the consequent denial of disability benefits.</u> *See Johnson,* 794 F.2d at 1113 ("it is impermissible ... to presume that obesity can be remedied."); *Stone v. Harris,* 657 F.2d 210, 212 (8th Cir. 1981). Further findings of fact and conclusions of law are required before the Secretary may determine that a claimant has refused treatment. *See Scott v. Heckler,* 770 F.2d 482, 486 (5th Cir. 1985).

*McCall v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) (emphasis added). Thus, the ALJ "may not rely simply upon the fact of a claimant's obesity and a prior medical recommendation that the claimant lose weight in order to find that the claimant has failed to comply with prescribed

treatment." *Ramsey v. Comm'r of Soc. Sec.*, No. 6:09-cv-1664-Orl-18DAB, 2010 WL 5209321, at *4 (M.D. Fla. Nov. 22, 2010). "Rather, evidence must be presented suggesting that [the claimant] has refused to follow a plan of <u>prescribed treatment</u>." *Id*. at *4 (emphasis added).

The record contains numerous treatment notes indicating that Claimant was noncompliant with prescribed hypertension and diabetic medications because Claimant was unable to afford her prescribed medications and was unable to obtain access to free or low cost healthcare services for her medications. *See generally* R. 416, 571, 1094, 1098-99, 1127, 1133, 1135, 1141, 1150, 1157, 1165, 1199-1200, 1209, 1216, 1265, 1269.[2] Prior to his credibility finding, the ALJ repeatedly points out Claimant's noncompliance with her prescribed medications and provides citations to the record. *See* R. 626 (citing R. 413, 416), 630 (citing R. 571, 1227), 631 (citing R. 592, 605), 633-35 (citing R. 1094, 1199-1201, 1209, 1216, 1221, 1269, 1280, 1284, 1255, 1261). At times, the ALJ acknowledges the treatment records indicate that Claimant's noncompliance with medications was due to an inability to afford prescribed medications or because she lacked access to healthcare services. *See* R. 626 (citing R. 413, 416), 630 (citing R. 571), R. 633 (citing R. 1221).[3] At other times, the ALJ simply states that the treatment records indicate that Claimant was noncompliant with prescribed medications, without acknowledging that those same treatment records indicate that Claimant's reason for noncompliance was her inability to afford medications

---

[2] The citations provided above are examples of where treatment notes document a lack of compliance with prescribed hypertension and diabetic medications, but also clearly indicate that the Claimant's noncompliance was due to an inability to afford medications or obtain access to healthcare services.

[3] The ALJ also acknowledges that Dr. Jonas testified that Claimant's noncompliance issues were "due to lack of finances." R. 625.

or to gain access to healthcare services. *See* R. 633-35 (citing R. 1094, 199-1201, 1209, 1216, 1269).[4]

In addressing the Appeals Council's remand order, the ALJ makes the following credibility determination:

> With regard to [the Appeals Council's remand order], review of the medical evidence shows that the claimant has demonstrated rather significant issues of noncompliance throughout her treatment history. In September 2008, she reported noncompliance with medications [citing R. 413]. She was counseled on the importance of medication compliance and advised to obtain assistance from case management [citing R. 416]. In June 2009, [s]he admitted that she had these kinds of headaches when she ran out of her blood pressure medications [citing R. 487]. She also reported financial problems of why she was not filling her prescriptions [citing R. 487]. She was encouraged to take her medications as prescribed and advised of the risks associated with noncompliance and uncontrolled hypertension [citing R. 488]. In November 2010, it was noted the claimant had been out of antihypertensive medications for several weeks when she was seen at the ER of Halifax Medical Center but was completely asymptomatic [citing R. 1227]. She also reported not taking her hypertensive medication for over one week in November 2011 [citing R. 1157].[5]
>
> The evidence shows that she had generally been noncompliant with her medication as she was noted to have been out of insulin for 6 months as of April 2012 [citing R. 1098].[6] In June 2012, she admitted that she had not been taking her blood pressure medications for the past 2 months [citing R. 1209].[7] She also

---

[4] The records cited by the ALJ all clearly show Claimant had been noncompliant with her medications because she could not afford her medication or her patient assistance had expired. *See* R. 1199-1201, 1209, 1216. In addition, the ALJ states that in 2013, the "evidence also shows [that Claimant] continued to demonstrate issues of noncompliance with medications. . . ." R. 634 (citing R. 1269). The treatment note cited by the ALJ states that the Claimant "has not been on her antiseizure medication secondary to cost," and Claimant was "[c]ounseled about compliance." R. 1269.

[5] The November 21, 2011 treatment notes provides that Claimant had not taken her blood pressure medication "for over one week <u>due to financial constraints</u>." R. 1157 (emphasis added).

[6] That same treatment note also provides that Claimant ran out of medication due to "no source of income." R. 1094.

[7] The ALJ's description of the treatment note is not wholly accurate. R. 636. The treatment note states that Claimant has "been without her blood pressure medication for the last 2 months. Still has her lisinapril but she does not have

admitted that she does not check her blood sugars on a regular basis [citing R. 1201].[8]

The evidence shows the claimant continued to demonstrate issues of noncompliance in 2013 with medications and attendance for which she had been counseled ad nauseam regarding the sequela of possible CVA, MI or death if she did not comply with her medication regimen [citing R. 1269, 1280, 1284].[9] In addition, lifestyle modification including ADA diet had been stressed [citing R. 1269, 1280].[10] While the [ALJ] has certainly considered her continued issues of noncompliance, <u>some consideration has been given that this was due to lack of finances. Yet it is unclear as to how her financial situation has changed to present in which she testified that she is now able to afford and takes her medications as prescribed</u>.

With regard to [the other issue on remand], the [ALJ] notes that the claimant admitted that she has gotten her weight down based upon her doctor's advice and was told that her diabetes would improve if she lost weight. She stated that she weighed 197 pounds. While the [ALJ] acknowledges that she has lost some weight, <u>her overall credibility is not given great weight as she remains obese</u>. Moreover, <u>the evidence shows that she has continually been noncompliant despite her physician's recommendations. Specifically, lifestyle modification including ADA diet had been stressed [citing R. 1269, 1280], which she failed to comply as well as her medication compliance</u>.

* * *

Moreover, [the ALJ] notes that the claimant has repeatedly been medically noncompliant in her weight loss as she admittedly has been <u>advised by her physicians to lose weight</u>, which would also help reduction in her other physical symptoms and would likely

---

a labetalol or the clonidine that she normally takes. She no longer has clearance to go see Dr. McNish at the local clinic." R. 1209.

[8] The treatment note also states that Claimant cannot afford to fill all her medications. R. 1201.

[9] Notably, one of the treatment notes cited by the ALJ states that Claimant is "currently trying to follow an ADA diet and try[ing] to practice medication compliance," but Claimant "has not been on her antiseizure medication secondary to cost." R. 1269.

[10] The ALJ's reference to an "ADA diet" refers to the American Diabetes Association's recommended "medical nutrition therapy" or healthy-eating plan for individuals with diabetes. Mayo Clinic, *Diabetes diet: Create your healthy eating plain*, http://www.mayoclinic.org/diseases-conditions/diabetes/in-depth/diabetes-diet/art-20044295 (last visited March 14, 2016). The records cited by the ALJ simply state that Claimant was trying to follow an ADA diet (R. 1269) and Claimant was "encouraged" to follow an ADA diet (R. 1280).

> include her back pain. <u>The evidence also shows that she has been medically noncompliant with her prior medication usage of hypertensive and diabetic medications, which have contributed, to her continuation of symptoms</u>. Lastly, the claimant's most recent visit with ACT shows that she has also been noncompliant with her medication usage of anti-depressants, which also likely affect the increase of her symptoms. Therefore, <u>the [ALJ] finds given relatively overall benign physical findings and objective testing as well as prior issues of noncompliance with medication usage and weight loss efforts, the established residual functional capacity as established is generally consistent with the overall evidence of record</u>.

R. 636-39 (emphasis added). Thus, the ALJ found Claimant's subjective complaints not credible largely due to Claimant's noncompliance with prescribed medications and recommendations that Claimant lose weight. *Id.* The ALJ's findings above are cited as support for the ALJ's ultimate conclusion that the Claimant was not disabled prior to February 13, 2012. R. 638-39, 641.

The Court finds that this case must be reversed and remanded for several independent reasons. First, the ALJ failed to comply with the substance of the remand order. *See* 20 C.F.R. §§ 404.977(b), 416.1477(b) (ALJ shall take any action ordered by Appeals Council on remand). In the decision, the ALJ acknowledges that he was required on remand to consider Claimant's inability to pay for medications and to provide further rationale with respect to Claimant's weight loss (R. 618) when determining Claimant's credibility. R. 618.

The Court's remand order directed the Commissioner to give further consideration to "whether [Claimant's] periodic noncompliance with her prescribed medications was based on financial difficulties." R. 734. The Appeals Council's remand order directed the ALJ to reevaluate the Claimant's credibility (R. 742) and explained that the ALJ should address the medical records as well as Claimant's assertion that Claimant's noncompliance with medications was due to an inability to purchase medications. R. 741. With respect to weight loss, the Appeals Council cautioned the ALJ that while Claimant testified that she had been advised to lose weight,

the ALJ "did not identify any confirming medical reports regarding such a <u>prescribed regimen</u>." R. 741 (emphasis added).

With these fairly clear instructions, the ALJ made the following findings:

> While the [ALJ] has certainly considered her continued issues of noncompliance, <u>some consideration has been given that this was due to lack of finances. Yet it is unclear as to how her financial situation has changed to present in which she testified that she is now able to afford and take her medication as prescribed</u>.
>
> * * *
>
> While the [ALJ] acknowledges that she has lost some weight, <u>her overall credibility is not given great weight as she remains obese</u>. Moreover, the <u>evidence shows that she has continually noncompliant despite her physician's recommendations</u>. Specifically, lifestyle modification including ADA diet had been stressed [citing R. 1269, 1280], which she failed to comply as well as her medical compliance.

R. 636 (emphasis added). With respect to Claimant's alleged inability to pay for medications or obtain access to healthcare services, which is well-supported in the record (*see supra* pp. 7-8), the ALJ made no explicit finding. Instead, the ALJ implicitly rejects Claimant's reason for noncompliance, stating "it is unclear as to how her financial situation has changed to present in which she testified that she is now able to afford and take her medication as prescribed." R. 636. The ALJ's statement is itself unclear. On March 13, 2014, Claimant testified that she was now able to afford her medications only so long as she was able to stay on patient assistance or if her children paid for them. R. 657. In what is otherwise a very detailed decision, the Court is left in the position of having to guess at how such testimony renders Claimant's prior allegations of poverty not credible. The record seemingly supports Claimant's allegations of poverty as the reason for her noncompliance with prescribed medications and, as the Appeals Council expressly pointed out, a detailed rationale supporting the ALJ's reasons for rejecting that allegation was

necessary on remand.  *See* R. 416, 571, 734, 741-42, 1094, 1098-99, 1127, 1133, 1135, 1141, 1150, 1157, 1165, 1199-1200, 1209, 1216, 1265, 1269.

With respect to Claimant's failure to lose weight, the Appeals Council noted that the ALJ failed to identify any such "prescribed regimen."  R. 741.  That directive was consistent with the case law regarding the proper analysis of obesity.  *See supra* pp. 6-7.  In the decision, the ALJ states that physicians recommended that Claimant lose weight and they stressed the need for the same.  R. 636 (citing R. 1269, 1280).  However, those records only show that Claimant was trying to follow an ADA diet, "encouraged to follow an ADA diet," and "encouraged to make lifestyle modification and diet changes."  R. 1269, 1280; *see also supra* n.10.  Nowhere in the decision does the ALJ identify any evidence tending to show the Claimant failed to comply with that recommendation or any other prescribed regimen.  R. 636.  Thus, the Court finds that the ALJ failed to comply with remand order of the Appeals Council.

Second, with respect to Plaintiff's noncompliance with prescribed medications, the ALJ's decision fails to comply with SSR 96-7p and established Eleventh Circuit precedent.  *See supra* pp. 5-6.  As set forth above, the Claimant's poverty or the inability to afford prescribed medications excuses the failure to comply with prescribed treatment.  *See* SSR 96-7p, 1996 WL 374186, at *7-8 (1996); *Dawkins*, 848 F.2d at 1213.  The ALJ's decision fails to provide any reasons, supported by substantial evidence, which supports rejecting the Claimant's allegation of poverty.  Moreover, the ALJ's improper reliance on Claimant's noncompliance with prescribed medications appears to be one, if not the primary, reason for the ALJ denying Claimant's applications prior to February 13, 2012.

Third, the ALJ's finding that Claimant failed to comply with prescribed treatment because she remains obese is not supported by substantial evidence and fails as a matter of law.  *See*

*McCall*, 846 F.2d at 1319; *see also supra* p. 12 (ALJ failed to identify any prescribed regimen Claimant failed to comply with). In addition, the Court notes that the ALJ found the Claimant not credible due to her obesity based upon medical records from 2013. R. 636 (citing R. 1269, 1280, 1284). However, the ALJ found Claimant disabled after February 13, 2012. R. 641. Thus, inextricably, the ALJ is essentially stating that the Claimant is not credible and thus not disabled before February 13, 2012 because she failed to comply with her physicians' recommendations to lose weight in 2013 – at a time in which she was, in fact, disabled.

For the above stated reasons, the Court finds that the ALJ's decision must be **REVERSED and REMANDED**.

**III.    REMEDY.**

Claimant requests remand for an award of benefits because, arguing that she has suffered an injustice. Doc. No. 16 at 33-35. Claimant asserts that she filed her applications for benefits in September of 2008, she has received three administrative hearing, and she has yet to receive a final decision that applied the correct legal standards despite a prior remand order from this Court and the Appeals Council, which clearly identified the issues for the ALJ. *Id*. (citing *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (Courts may award benefits where claimant suffers an injustice). The Commissioner does not directly respond, but instead relies solely on the erroneous argument that the ALJ's decision is supported by substantial evidence. Doc. No. 33 at 35.

Having carefully considered Claimant's argument and the record in this case, the Court agrees with Claimant. In this case, the Court's prior remand order (R. 734) and the order of the Appeals Council (R. 741-42) unequivocally identified for the ALJ the legal and evidentiary problems with finding Claimant not credible based upon her failure to comply with prescribed

medications and Claimant's obesity. SSR 96-7p and well-established Eleventh Circuit precedent should also have guided the ALJ's evaluation of those issues on remand. Yet, the ALJ seemingly ignored those guideposts and made findings contrary to the law, regulations, rules and the evidence in the record. Those findings – Claimant has been noncompliant with medications without a good excuse and is not credible because she remained obese – are the primary reasons for the ALJ's conclusion that Claimant is not disabled prior to February 13, 2012. R. 636, 639. Given the entire record and history of this case, the Court finds that Claimant has suffered an injustice. *See Walden*, 672 F.2d at 840 ("Due to the perfunctory manner of the hearing, the quality and quantity of errors pointed out, and the lack of substantial evidence to support the ALJ's decision, this court is of the opinion the [claimant] has suffered an injustice."). According, this case will be reversed and remanded for the Commissioner to calculate an award of benefits prior to February 13, 2012.[11]

## IV.  CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), **for the Commissioner to calculate an award of benefits prior to February 13, 2012**; and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 15, 2016.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[11] Claimant also argues that the ALJ erred by failing by failing to apply the correct legal standards to Claimant's need to use a cane to ambulate. Doc. No. 16 at 26-33. However, because this case must be reversed and remanded for an award of benefits due to the ALJ's above-stated errors, it is unnecessary to address that argument.

- 15 -

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable John Marshall Meisburg, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Bldg, Suite 400
8880 Freedom Xing Trl
Jacksonville, FL 32256-1224